IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAVID DWAYNE CASSADY, : | |
| : | |
| Plaintiff : | |
| : | NO. 5:14-CV-0025 -MTT-MSH |
| VS. : | |
| : | |
| STEVEN D. HALL, : | |
| : | |
| Defendant : | |

### REPORT AND RECOMMENDATION

Plaintiff **DAVID DWAYNE CASSADY**, a state prisoner currently confined at Johnson State Prison, in Wrightsville, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint, the undersigned ordered that service be made on Defendant Steven Hall. Plaintiff has now filed an Amended Complaint (EFC No. 11) in which he attempts to add a new claim and party. The undersigned has thus conducted a preliminary review of the new allegations in Plaintiff's Amended Complaint and hereby **RECOMMENDS** that Plaintiff's Eighth Amendment claim against Keith Eutsey be **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.

### STANDARD OF REVIEW

When conducting a preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true. *Brown v.*

*Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Pro se pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and must be "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se prisoner's pleading is still subject to dismissal prior to service if the district court finds that the complaint –when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; *see also, Marsh v. Butler County, Ala*., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

This action arises of out an alleged series of sexual assaults by a prison guard, Defendant Steven Hall.  The undersigned previously considered Plaintiff's allegations against Hall and ordered that service be made on this defendant.  Plaintiff now attempts to bring a claim against Hall's supervisor, Deputy Warden of Security Keith Eutsey.

The Amended Complaint alleges that, while employed as a corrections officer at the Georgia Diagnostic and Classification Prison (GDCP), Defendant Hall was arrested for driving under the influence (DUI) and deposit account fraud.[1]  Plaintiff believes that Defendant Eutsey was aware of these arrests and allowed Hall to continue his employment at GDCP.  The Complaint also alleges that Plaintiff mailed a letter to Eutsey on November 1, 2011, informing him of Hall's sexual assaults, but Eutsey failed to take any action in response.  Plaintiff thus seeks to hold Eutsey liable for his alleged failure to supervise Hall and/or protect Plaintiff from Hall's sexual assaults.

A prisoner, however, cannot state a § 1983 claim based upon a theory of respondent superior or vicarious liability. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004).  "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." *Cottone v. Jenne,* 326 F.3d 1352, 1360 (11th Cir. 2003) (quotation marks and alteration omitted).  To state a claim against a supervisory official, a prisoner must allege facts showing either that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection

---

1    Plaintiff also alleges that Hall was arrested twice in 2013 and once in 2014.  These arrests do not appear relevant to Plaintiff's claims, however, as they occurred <u>after</u> the events giving rise to this action.

between the actions of the supervising official and the alleged constitutional deprivation. *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086-87 (11th Cir. 1986). This may be done by alleging that the officials either "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 340 F. App'x 527, 531 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007)). Plaintiff's Amended Complaint does not include any such allegations. Plaintiff's conclusory statement that Eutsey failed to properly supervise and control his subordinates does not state a claim under § 1983. *See Salas v. Tillman*, 162 F. App'x 918, 922 (11th Cir. 2006).

The allegations in Plaintiff's Amended Complaint are also not sufficient to state an Eighth Amendment claim for failure to protect. Prison officials do, of course, "have a duty . . . to protect prisoners from violence." *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "An Eighth Amendment violation will occur when a substantial risk of serious harm, of which the official is subjectively aware, exists and the official does not 'respond[] reasonably to the risk[.]'" *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) (cites omitted). Plaintiff's Complaint, however, does not allege any facts suggesting that Eutsey was subjectively aware of a substantial risk of serious harm in this case. Hall's prior DUI and deposit account fraud would not have put Eutsey on notice of a propensity to commit sexual assaults.

Plaintiff's allegation that Eutsey failed to respond to his letter in November of 2011 likewise fails to support an Eighth Amendment claim. A supervisor is not "personally

4

involved" in a constitutional violation merely because he fails to respond to a prisoner's letter. *See Walker v. Pataro*, No. 99CIV.4607, 2002 WL 664040, at *12 (S.D.N.Y. Apr. 23, 2002); *see also, Ware v. Owens*, No. CV612–056, 2012 WL 5385208, at * 2 (S.D. Ga. Sept. 28, 2012); ("failure to respond to an inmate's letters does not result in a violation of that inmate's constitutional rights"). "Liability under § 1983 must be based on affirmative unconstitutional behavior and cannot be based upon a mere failure to act." *Way v. McNeil*, No. 5:10cv107, 2012 WL 1463412, at * 4 (N.D. Fla. Mar. 8, 2012).

## CONCLUSION

For these reasons, the undersigned concludes that Plaintiff has failed to state an Eighth Amendment claim against Defendant Eutsey; and it is **RECOMMENDED** that Keith Eutsey be **DISMISSED** from this action. Plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned within fourteen days after being served a copy of this Order. *See* 28 U.S.C. § 636(b)(1).

**SO RECOMMENDED**, this 30th day of June 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE