IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID DWAYNE CASSADY, | : | |
| | : | |
| Plaintiff | : | |
| | : | NO. 5:14-CV-0025 -MTT-MSH |
| v. | : | |
| | : | |
| STEVEN D. HALL, | : | |
| | : | |
| Defendant | : | |
| _____ | : | |

## REPORT AND RECOMMENDATION

Plaintiff David Dwayne Cassady, a state prisoner currently confined at Johnson State Prison, in Wrightsville, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint, the undersigned ordered that service be made on Defendant Steven Hall. Plaintiff filed a Motion to Amend (ECF No. 41) and an Amended Complaint (EFC No. 42) in which he attempts to add new claims against new parties. As explained below, it is recommended that Plaintiff's motion to amend be denied.

## BACKGROUND

This action arises of out an alleged series of sexual assaults by Defendant Steven Hall. These assaults occurred at the Georgia Diagnostic and Classification Prison ("GDCP") D-House unit, where Plaintiff was previously incarcerated and where Defendant Hall was previously employed. Plaintiff alleges that Hall repeatedly sexually assaulted him from October 2010 until October 2011. Compl. 8, ECF No. 1-1. Plaintiff

contends that the sexual assaults only ended at that time, because Hall was reassigned to work in a different housing unit. *Id.* However, on April 14, 2012, Hall's work detail was changed such that he was again assigned to D-House. *See* Hall Dep. 46, ECF No. 43. Plaintiff alleges that once Hall was reassigned to D-house, the sexual assaults began again and continued until Hall was once again assigned to a different housing unit in May 2012.[1] Second Am. Compl. 13, ¶¶ 63-65, ECF No. 42.

After preliminary review, Plaintiff's allegations against Hall were deemed sufficient to state a claim for relief. Order 2, Jan. 23, 2014 ECF No. 5. Plaintiff then attempted to amend his complaint to include allegations against Hall's supervisor, Deputy Warden of Security Keith Eutsey. *See* Am. Compl., ECF No. 11. In that amended complaint, Plaintiff alleged Eutsey knew of Hall's arrests for driving under the influence (DUI) in July 2009 and deposit account fraud in September 2011, but allowed Hall to continue with his employment at GDCP. Am. Compl. 13-14, ECF No. 11. Plaintiff also asserted that he informed Eutsey of the sexual assaults in November 2011, but that Eutsey did nothing in response. *Id.* Plaintiff sought to hold Eutsey liable for failure to protect Plaintiff from Hall's sexual assaults. Am. Compl. 15, ECF No. 11. After reviewing the amended complaint, the undersigned issued a Report and Recommendation recommending dismissal of the amended complaint as the claims were not sufficient to state an Eighth Amendment claim for failure to protect. R. & R. 4-5, ECF No. 16. The Court adopted the Report and Recommendation, over Plaintiff's objections (ECF No. 17).

---

[1] Hall was subsequently arrested for bringing contraband into the prison. *See* Pl.'s Ex. 9, ECF No. 44-7 at 5. As a result, Hall was fired from his employment at GDCP. *See* Pl.'s Ex. 12, ECF No. 44-7 at 12.

Order 1-2, Aug. 8, 2014 ECF No. 19.

Plaintiff now seeks to amend his complaint to bring claims against Deputy Warden Eutsey, Warden Carl Humphrey, and Director of Mental Health Beverly Dorsey for multiple constitutional violations and negligence. *See generally* Second Am. Compl., ECF No. 42. In support of these claims, Plaintiff states that Eutsey, Humphrey, and Dorsey were all aware that Plaintiff complained of sexual assault by Defendant Hall. Between October 2011 and April 2012, he repeatedly notified Hall's supervisors of the sexual assaults, but each failed to intervene or take any steps to protect Plaintiff.[2] In fact, Plaintiff contends that despite these complaints, Defendants permitted Hall to be reassigned to working D-House in April 2012. Defendants took no action in response to Plaintiff's repeated allegations of sexual assault.

Plaintiff also alleges that in his official capacity as Deputy Warden of Security, Eutsey was negligent in knowingly permitting a policy or custom of "understaffing D-House," in direct violation of Georgia Department of Corrections' policy. Second Am.

---

[2] Plaintiff states that on October 30, 2011, he sent "letters via prison mail service to defendants' Humphrey, Eutsey, and Dorsey[,]" informing them of Hall's sexual assaults that occurred from October 2010 to October 2011. Second Am. Compl. 9, ¶¶ 42, 43. Plaintiff also avers that he mailed certified letters to Eutsey and Humphrey on November 1, 2011, questioning why nothing had been done to address the allegations of sexual assault. Second Am. Compl. 9, ¶ 44. Plaintiff further alleges that in December 2011, he had a personal conversation with Humphrey regarding the Defendants' collective failure to take action, but still no action was taken. Second Am. Compl. 9-10, ¶ 45. On January 11 and 12, 2012, Plaintiff also had personal conversations with Dorsey and Eutsey seeking help. Second Am. Compl. 10, ¶¶ 46, 47. Similarly, in April, a few days after Hall resumed the sexual assaults, Plaintiff requested help from Dorsey. Second Am. Compl. 14, ¶ 69. However, Dorsey took no action and told Plaintiff he needs to "stop this mess." Second Am. Compl. 14, ¶ 70. Plaintiff also avers that on April 24, 2012, he confronted Humphrey and informed him of the renewed sexual assaults. Second Am. Compl. 16, ¶ 77. Humphrey laughed in response and said, "You have continued to tell this lie, and you like filing grievances and lawsuits against staff, that's why I locked you down and you will stay locked down." Second Am. Compl. 16, ¶ 78.

Compl. 29-30, ¶ 125.  Plaintiff seems to be contending that this policy or custom of understaffing perpetuated by Eutsey created a situation where Hall had the opportunity to sexually assault inmates without threat of interruption.

Plaintiff asserts that these actions constitute the following claims for relief under § 1983: (1) Fourteenth Amendment due process violation; (2) First Amendment Retaliation; and (3) Eighth Amendment failure to protect.[3]  Plaintiff also claims that these actions constitute unspecified state law claims.  Defendant Hall has not responded to Plaintiff's motion to amend.[4]  This motion is now ripe for review.

## DISCUSSION

Plaintiff filed a motion to amend his Complaint under Federal Rule of Civil Procedure 15(a) to add back in to his Complaint Deputy Warden Eutsey and to add two new defendants.  He asserts three § 1983 claims and a state law negligence claim against these Defendants.  For the reasons explained below, it is recommended that Plaintiff's motion to amend be denied as futile.

Since Plaintiff has already amended once as a matter of course, he must now seek leave to amend pursuant to Federal Rules of Civil Procedure Rule 15(a)(2).  Such leave should be "freely give[n]" when "justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "a district court may properly deny leave to amend the complaint under Rule

---

[3] Plaintiff actually characterizes this count as a "Breach of Duty to Protect in Violation of the Fourteenth Amendment to the Constitution."  Second Am. Compl. 26.  However, as Plaintiff is not a pretrial detainee but rather is a convicted felon, allegations of deliberate indifference to his health and safety are evaluated under the Eighth Amendment's prohibition on cruel and unusual punishment.
[4] Parties were previously appointed counsel, but both Plaintiff and Defendant Hall are no longer represented and are now preceding *pro se*.

15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004). An amendment is futile if the claims asserted therein would be barred by the applicable statute of limitations. *See Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (discussing denying amendment as futile because statute of limitations expired).

Plaintiff should not be allowed to add in claims against these new parties as the statute of limitations has expired and the amended complaint does not relate back under Federal Rules of Civil Procedure 15(c). It is undisputed that the underlying facts as they relate to the additional parties took place from October 2011 through May 2012. It is well settled that the forum state's limitation period applicable to personal injury actions is applied to an action brought pursuant to § 1983. *Wallace v. Kato*, 549 U.S. 384, 386 (2007). The Georgia statute of limitations for personal injury is two years. O.C.G.A. § 9-3-33; *see also Bell v. Metro. Atlanta Rapid Transit Auth.*, 521 F. App'x 862, 865 (11th Cir. 2013) ("The forum state's statute of limitations for personal injury actions applies to § 1983 claims, which in Georgia is two years."). A statute of limitations begins to run when a cause of action accrues—in other words, when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) (internal quotation marks and citation omitted).

However, the Motion to Amend was not filed until August 2015 and the Amended Complaint itself was not filed until September 2015, over a year after the statute of limitations had run. The addition of new claims or parties at this time would thus be

5

prohibited, unless the proposed "amendment . . . relates back to the date of the original pleading." Fed. R. Civ. P. 15(c)(1). "[W]e look to Georgia law to determine whether Plaintiff's amendment should relate back to the time of filing the original complaint, such that the statute of limitations bar is avoided." *Presnell v. Paulding Cty., Ga.*, 454 F. App'x 763, 767 (11th Cir. 2011). Under Georgia law, "for an amendment seeking to add a new party, the plaintiff must show that, within the statute of limitations period, the new party had received such notice of the action that he will not be prejudiced, and that the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."[5] *Id.* at 768 (citing O.C.G.A. § 9-11-15(c)).

Plaintiff, however, "has wholly failed to show that [the new parties] received notice of the institution of this action such that [they] would not be prejudiced. Indeed, the proffered amended complaint does not even make such an allegation." *Id.* Neither Humphrey, Eutsey, nor Dorsey was served with process relating to this lawsuit. In fact, Dorsey was never mentioned at all until the filing of this amended complaint. While Eutsey was named as a Defendant in Plaintiff's first amended complaint, the Court

---

[5] While Federal Rules of Civil Procedure 15(c) governs the relation back of amendments to the original pleadings in federal court, the first subsection—Rule 15(c)(1)—provides for relation back when "relation back is permitted by the law that provides the statute of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). The Advisory Committee Notes explained that the addition of this subsection was desired so that "[w]hatever may be the controlling body of limitations law, if that law afford a more forgiving principle of relation back that the one provided in this rule, it should be available to save the claim." Fed. R. Civ. P. 15(c) advisory committee's notes to 1991 amendment. "As a result, if an amendment relates back under the law that provides the applicable statute of limitations, that amendment relates back under Rule 15(c)(1) even if the amendment would not relate back under the federal law rules." *Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001).

6

dismissed those claims.  *See* R. & R. 4-5; Order 1-2, Aug. 8, 2014.  Consequently, Eutsey was never served with process.  Likewise, Humphrey never received actual notice of this lawsuit.  While the initial service of process for Hall was sent to GDCP—where Humphrey was the warden—and the original complaint did mention Humphrey once,[6] it would be a stretch to say that Humphrey thus had actual notice of the lawsuit.  Humphrey was not a named Defendant and the service of process packet originally sent to GDCP was returned as unexecuted as it was "refused by GDCP" because Hall was no longer working there.  Process Receipt & Return Unexecuted 1, ECF No. 7.  Without any allegation that these Defendants knew of the lawsuit before the statute of limitations ran, Plaintiff cannot now amend his complaint to add these Defendants.  The statute of limitations expired well before the filing of the proposed amendment and the amendment does not relate back; thus, the motion to amend should be denied as futile.

## CONCLUSION

For the reasons explained above, it is recommended that Plaintiff's motion to amend (ECF No. 41) be denied.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

---

[6] Specifically, Plaintiff alleged that in February 2012, Humphrey placed Plaintiff in segregation "for Plaintiff's repeated complaints and grievances regarding medical treatments and safety issues in D-House."  Compl. 13, ¶ 40, ECF No. 1.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 29th day of October, 2015.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE