IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| DAVID DWAYNE CASSADY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:14-CV-25 (MTT) |
| | ) | |
| STEVEN DOUGLAS HALL, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S CONSOLIDATED MOTION IN LIMINE AND SUPPORTING AUTHORITIES

Plaintiff respectfully requests that the Court enter an Order prohibiting Defendant, Defendant's witnesses, and Defendant's attorney from arguing, referring to, alluding to, testifying, soliciting testimony, or offering in any way testimony or documents regarding or relating to the prejudicial matters detailed herein.[1]

## Introduction

Defendant will seek to introduce improper, irrelevant, and extremely prejudicial evidence in this case. That is the real reason why Defendant will try and expose the jury to inflammatory evidence aimed solely to prejudice Plaintiff's

---

[1] Pursuant to Local Rule 7.1, Plaintiff's Motion in Limine and Supporting Authorities are combined into this Omnibus Motion and separated by clearly labeled parts and subparts. Plaintiff also reserves the right to later object to other evidence not specifically described herein.

1

right to a fair trial.  That is because all of the relevant and properly admitted evidence will contradict any defense on the merits.  A brief factual history is helpful.

Beginning in 2010, Plaintiff (inmate) was sexually assaulted by the defendant (correctional officer) on multiple occasions while being housed at Georgia's Diagnostic and Classification Prison.  Plaintiff's grievances were disregarded, and Defendant's assaults continued for *nearly two years*.  In 2012, Defendant was finally terminated by the Department of Corrections and simultaneously arrested for violating rules of the prison and the state.  After Defendant was arrested facts came to light that Defendant's sexual assaults against Plaintiff were just the tip of the iceberg.  Defendant was also arrested on drug charges in addition to more than *forty (40)* counts of felony child exploitation and child molestation charges that occurred during the exact same time span that Defendant was sexually assaulting Plaintiff.

In 2013, Defendant handwrote letters to Plaintiff detailing and admitting some of the many assaults that Plaintiff now alleges in this case.  *Defendant has already admitted to writing these gruesome and painfully detailed letters*.  *See*, *e.g.*, Cassady Depo. at 153-183 (Defendant admitted to writing four different letters to Plaintiff).  This is important because it demonstrates that Defendant has no *real* defense in this case.  That is why he will resort to improper evidence.

Defendant will try and introduce or solicit testimony about Plaintiff's prior convictions solely for their prejudicial effect. Plaintiff was convicted of kidnapping and sexually assaulting a minor *more than twenty-three (23) years ago*. He was also convicted of a sodomy charge in 1988— *twenty-eight (28) years ago*. Defendant will try and use these convictions against Plaintiff to inflame the jury's emotions. He wants to portray Plaintiff as someone deserving of the sexual assaults that he suffered. Defendant's goal is clear: if the jury does not believe his defense on the merits, he hopes that they will be so enraged by Plaintiff's prior convictions that they find him undeserving of a recovery in this case.

This tactic is highly improper, results in extreme prejudice, and is specifically prohibited by the Rules of Evidence. Defendant is well aware that evidence of prior convictions involving sodomy, kidnapping, or sexually assaulting a minor will blind even the most unbiased jurors of their duty to determine this case based on its merits. If this evidence is exposed to the jury, it will not be possible for Plaintiff to receive a fair trial.

Defendant will undoubtedly try and justify the impropriety of such evidence, but his real motive—to unfairly prejudice Plaintiff—and the rules of evidence should not be overlooked. Defendant cannot show the probative value of stale— nearly thirty years old—convictions, nor can he ignore the unfair prejudice that

will result if introduced to the jury. Accordingly, Plaintiff respectfully requests that this evidence and the following be excluded.

### Prejudicial Evidence That Must Be Excluded

**I.  Plaintiff's Prior Criminal Convictions, Arrests, and Prior Acts Must Be Excluded to Insure a Fair Trial.**

Defendant will attempt to introduce evidence regarding Plaintiff's prior criminal history, arrest record, or prior acts that are completely irrelevant, immaterial, and unfairly prejudicial to Plaintiff in this case. Plaintiff accordingly requests that such evidence be excluded for the following reasons.

**i.  The evidence is irrelevant to any issue in this case and must be excluded.**

To be admissible, evidence must be relevant. Fed. R. Evid. 402. Evidence is only relevant when it has a tendency to make a fact in issue more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Fed. R. Evid. 401. Neither requirement is met in this instance. Plaintiff's criminal history, arrest record, or prior acts are not related, nor of any consequence, to *any* of the issues that will be determined at trial. Indeed, it is Defendant that is accused of sexual assault—not Plaintiff.

Plaintiff's prior convictions, arrests, or prior acts are completely irrelevant and immaterial to determining *the issues or facts in this case*. This cannot reasonably be disputed, and the evidence should accordingly be excluded.

4

### ii. The evidence must be excluded under Rule 403 because it is unfairly prejudicial and of no probative value.

Even if Plaintiff's criminal history, arrest record, or prior acts were somehow relevant, which Plaintiff contends they are not, allowing the jury to hear such evidence will undoubtedly result in unfair prejudice. Make no mistake—that is the real reason Defendant will seek to introduce this evidence. He intends to inflame the passions of the jury by introducing Plaintiff's prior convictions, arrests, or prior acts. But Rule 403 specifically precludes such evidence from the jury when the probative value of the evidence is outweighed by the danger of *any one* of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time. Fed. R. Evid. 403. ***All of these dangers are implicated here.***[2]

Plaintiff's prior convictions are so unfairly prejudicial to this case that they must be excluded. Plaintiff was convicted of kidnapping, falsely imprisoning, and sexually assaulting a minor while impersonating an officer more than twenty-three (23) years ago.[3] If revealed to the jury, the nature of these prior convictions alone

---

[2] While unfair prejudice is the most obvious danger, introducing the Plaintiff's prior convictions will necessarily confuse the issues at trial and mislead the jury. The only issue at trial will be whether *the defendant* sexually assaulted the Plaintiff. By introducing the Plaintiff's prior sexual assault convictions, the jury will confuse the issues that should be determined in *this case*.

[3] These are the convictions for which Plaintiff is currently incarcerated for. The defendant will likely focus its attention on these convictions. However, all of Plaintiff's prior convictions, arrests, and prior acts should be excluded. Other convictions that the defendant may seek to improperly expose to the jury date back to 1986—***thirty (30) years ago***.

will unfairly prejudice Plaintiff. Very few crimes, if any, carry the amount of prejudicial weight in today's society as those Defendant will try and improperly expose to the jury. The only reason that he will do this is to try and mount prejudice against Plaintiff in the minds of the jurors; the evidence simply serves no other legal or legitimate purpose.

Defendant's strategy behind introducing this evidence—while improper—is crystal clear. At trial, Defendant will deny sexually and physically assaulting Plaintiff. But, as Defendant well knows, the relevant and properly admitted evidence in this case will not support this defense. That is why he will seek to introduce the improper evidence.

Defendant knows that the only way to prevail will be to enrage the jury by appealing to their emotions and portraying Plaintiff as someone deserving of the unlawful sexual and physical assaults alleged in this case. It's a win-win scenario for Defendant: even if the jury does not believe his unsupported defense on the merits, the jurors will be so irreparably blinded by Plaintiff's prior acts that they will not believe he is deserving of a recovery, based on matters completely

unrelated to this case.[4]  ***Rule 403 was designed and intended to prevent this exact scenario***.[5]

This is not the first time that a defendant has attempted to unfairly prejudice a plaintiff by attempting to distract the jury from the important issues of the present case by seeking to introduce prejudicial evidence of prior convictions or acts of the plaintiff.  Indeed, other courts have addressed this situation and excluded similar evidence when it threatens the plaintiff's chance of a fair trial.  This is especially true in civil rights cases, such as this one, when the prior convictions of a prisoner-plaintiff are similar to the present civil rights claim alleged against a defendant-correctional officer.  *See, e.g.*, *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993) (excluding the prisoner-plaintiff's prior assault conviction when the present claim was one of excessive force against defendant-correctional officer because such evidence would have been "unacceptably prejudicial.").  Given the nature and similarity between Plaintiff's prior convictions for sexual assault and sodomy, and the sexual assault and sodomy at issue in the present case, evidence of Plaintiff's

---

[4] Davenport v. DeRobertis, No. 83 C 4392, 1986 WL 4157, at *3 (N.D. Ill. Mar. 31, 1986) (demonstrating that prior convictions of a prisoner-plaintiff serve minimal probative value and are very likely to cause unfair prejudice since jurors might be unwilling to award damages once they have focused on the specific serious crimes which resulted in the plaintiff's incarceration).

[5] Rule 404 also precludes this evidence from the jury.  Fed. R. Evid. 404.

prior convictions, arrests, or acts will undoubtedly result in unfair prejudice and should be excluded from the jury.[6]

### iii. The evidence is inadmissible under Rule 412 because Plaintiff is the *victim* of the sexual assaults.

Rule 412 also *precludes* the introduction of certain prior convictions, arrests, and acts. Plaintiff is the victim of multiple sexual assaults. Evidence demonstrating any other sexual behavior of Plaintiff is specifically precluded. Fed. R. Evid. 412(a)(1). Likewise, evidence demonstrating Plaintiff's sexual predisposition is *not* admissible. Fed. R. Evid. 412(a)(2). Plaintiff's prior sexual assault convictions, arrests, or prior acts are no exception to this rule.

Despite the intent of the rule, Defendant will likely try and convince the Court that Plaintiff's prior acts should somehow be admissible under Rule 412—a rule designed to *protect* the victim. In doing so, Defendant will be forced to ask that the Court ignore the unfair prejudicial effect of the evidence, and attribute some erroneous probative value to the same. But the probative value of the evidence is non-existent and substantially outweighed by the overwhelming prejudicial effect that the evidence will have on Plaintiff's right to a fair trial. This

---

[6] In essence, Defendant will be arguing to the jury that Plaintiff is deserving of the sexual assaults because that is the same bad act that he was convicted of doing against a minor. The rules of evidence do not leave room or excuse this type of rational. It is the very meaning of unfair prejudice.

is a hurdle that Defendant cannot overcome.[7] Because the prejudicial effect of Plaintiff's prior convictions, arrests, and acts clearly and substantially outweighs any probative value, it should be excluded.

> iv. **<u>The prior conviction evidence is not admissible for impeachment purposes under Rule 609 because of the unfair prejudice that would result.</u>**

Plaintiff anticipates that Defendant will attempt to impeach the credibility of Plaintiff's necessary testimony in this case by introducing Plaintiff's prior convictions. But impeachment by use of prior convictions is only proper when it will not result in unfair prejudice, confusion, or any of the other dangers warned about in Rule 403. Fed. R. Evid. 609(a)(1)(A). As detailed above and herein, Plaintiff's prior convictions must be excluded because the unfair prejudice that would result substantially outweighs its minimal probative value.

All of Plaintiff's prior convictions occurred more than twenty-three (23) years ago, which long exceeds the ten year time period detailed in Rule 609(b). It is well recognized that convictions more than ten years old are of minimal probative value and are rarely admissible. *United States v. Pritchard*, 973 F.2d 905, 908 (11th Cir. 1992) (convictions over ten years old are "very rarely admitted" because they have limited probative value while "their prejudicial effect

---

[7] The exception found in Rule 412(b)(2) is much like the Rule 403 balance test. As detailed above and herein, the prejudicial effect of Plaintiff's prior convictions outweighs its probative value. There is simply no other way to spin it.

remains."). Plaintiff's prior convictions are far beyond the ten year period, have minimal probative value, and could only serve one purpose in this case—unfair prejudice.

Courts consider four factors when balancing probative weight and prejudicial effect under 609(a)(1)(A): (1) the impeachment value of the prior convictions; (2) the age of the conviction; (3) the importance of the credibility to the underlying claim; and (4) the potential prejudice from admitting the convictions. *See, e.g.*, *Miller v. Hoffman*, No. CIV. A. 97-7987, 1999 WL 415402, at *2 (E.D. Pa. June 22, 1999) (excluding evidence of the plaintiff's prior criminal convictions for impeachment purposes where there was a risk of unfair prejudice to the plaintiff under Rule 403). In this instance, the probative value of Plaintiff's prior convictions is substantially outweighed by the prejudice that will result.

First, evidence of Plaintiff's prior criminal convictions is of little, if any, probative value. Plaintiff's prior convictions are too far removed and not associated with his veracity. *Id.* at *3 (prior convictions of assault have little probative value of truthfulness). Second, more than twenty-three (23) years have elapsed since the Plaintiff's last convictions. Other prior convictions that Defendant may attempt to introduce occurred as early as 1986—*thirty (30) years ago.* The age of Plaintiff's prior convictions weigh heavily against admittance.

Third, the importance of Plaintiff's testimony in this case, which cannot be overstated, weighs against admissibility. Given the control that Defendant exhibited over Plaintiff at all times relevant to this case, the physical evidence is limited.[8] This renders Plaintiff's testimony of vital import as there are no other means to establish the necessary elements of proof. This too weighs against admissibility of Plaintiff's prior criminal convictions. *Miller*, 1999 WL 415402, at *3 (citing Jack Weinstein & Margaret Berger, 4 Weinstein's Federal Evidence S 609.0 4[2][a][v] (Joseph McLaughlin ed., 2d ed. 1997)) (explaining that a lack of other potential sources for the defendant's testimony increases the importance of the testimony). Indeed, all three of the factors regarding the probative value of the prior convictions weigh against admissibility in this case.

Finally, for all of the reasons detailed above, evidence of Plaintiff's prior convictions is extremely and unfairly prejudicial. This cannot *reasonably* be disputed. Accordingly, Plaintiff's prior convictions should not be allowed for any purpose, including impeachment under Rule 609.

---

[8] The defendant exhibited complete control over the Plaintiff during the sexual assaults at issue in this case. As a result, the defendant destroyed all physical evidence that Plaintiff might otherwise rely on. Due to Plaintiff's incarceration, Plaintiff was not free to seek other forms of corroborating evidence that an un-incarcerated person would have access to (i.e., body fluid/DNA tests, treatment for physical and emotional injuries, etc.). Accordingly, Plaintiff's testimony is necessary to all aspects of the claim. Due to the import and reliance on Plaintiff's testimony, introduction of improper impeachment evidence will result in heightened prejudice in this case.

### v. If evidence about any of Plaintiff's felony convictions is permitted over objection, that evidence must be strictly limited.

Even if the Court finds that one of Plaintiff's felony convictions may be admissible under Fed. R. Evid. 609, "evidence of prior convictions should be no more detailed than is necessary to impeach credibility." *Lewis,* 149 F.R.D. at 483 n.3 (quoting *United States v. Tomaiolo,* 249 F.2d 683, 687 (2d Cir. 1957). This can and should be done by informing the jury that Plaintiff was convicted of a felony without going into the prejudicial nature or details of the underlying convictions relating to prior sexual assaults, kidnapping, imprisoning, or sodomizing any minor.

Plaintiff is not trying to trick or deceive the jury into believing he has been a model citizen his entire life. The facts of this case will not allow it. The jury will know that Plaintiff was a prison inmate at the time of the alleged sexual assaults. This unavoidable fact will absolutely damage Plaintiff's credibility to some jurors—that is inescapable in this case. By excluding the nature and details of his prior convictions, Plaintiff merely seeks to *contain* the prejudice that he will already face. That cannot be accomplished if the jury is blinded and inflamed by the details of Plaintiff's prior convictions.

If evidence of prior convictions must be admitted at all, the Court should minimize the inherent prejudice to Mr. Cassady by admitting evidence *only* of the fact that he is a convicted felon, without disclosing the specific offenses or the

underlying details of the offenses. This will serve every purpose of the rule and minimize the prejudicial effect intended by Defendant. *United States v. Tomaiolo,* 249 F.2d 683 (2d Cir.1957) (demonstrating that evidence of prior convictions should be no more detailed than is necessary to impeach credibility: "needlessly detailed examination into the circumstances of the [prior conviction] ... went *far beyond* what was necessary to establish a criminal conviction for the purpose of impeaching credibility. Its obvious purpose and effect was to do more than to impeach defendant's credibility.")(emphasis added); *Lewis v. Velez*, 149 F.R.D. 474, 482 (S.D.N.Y. 1993) (demonstrating that once credibility is impeached by one prior felony conviction, the probative value of a second conviction is minimal, but the prejudicial effect is substantial when the second prior conviction sought to be introduced is for the same type of offense as the pending claim).

Plaintiff respectfully requests that, if any evidence of prior convictions is admitted, that the nature and details of the underlying prior convictions be excluded from the jury. This is the only way to insure Plaintiff receives a fair trial.

**II.    Any Evidence Regarding Plaintiff's Sexual Behavior or Predisposition Should be Excluded Pursuant to Rule 403, Rule 404, and Rule 412.**

Any reference or evidence regarding Plaintiff's other sexual acts, behavior, or sexual predisposition is specifically excluded by Rule 412. For all of the reasons thoroughly detailed above, any exception to Rule 412 is not applicable in

13

this case because of the resulting unfair prejudice to Plaintiff. Accordingly, Defendant should be precluded from introducing or referencing all such evidence, including but not limited to Plaintiff's sexual acts, preferences, and gender identity.

### III. Plaintiff's Prior Lawsuits Must Be Excluded Because They Are Irrelevant, Immaterial, and Prejudicial.

Plaintiff anticipates that the defendant will attempt to present evidence of or make reference to prior claims or lawsuits brought by Plaintiff for prejudicial effect. In addition to being completely irrelevant, prior lawsuits constitute evidence of claims unrelated to the instant litigation and present a substantial danger of unfair prejudice to Plaintiff, a waste of the Court's time, and confusion of the issues in this case. *See Royal Bahamian*, 745 F. Supp. 2d at 1384, citing *Burley v. Homeowners Warranty Corp.*, 773 F. Supp. 844, 858 (S.D. Miss. 1990) ("Without question, if evidence of other claims were allowed by the court, there would be, in effect, a mini-trial on each such claim. That is wholly unacceptable where the only claims that are material are the claims of the plaintiffs in this litigation. In sum, the admission of such evidence would be unduly time consuming, unfairly prejudicial and unnecessarily confusing and will not be permitted").

Because the probative value of the prior lawsuits is nonexistent, the risk of unfair prejudice substantially outweighs any such probative value. *See, e.g., Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479-J-33MCR, 2006 WL

2942796, *4, (M.D. Fla. Oct. 9, 2006)(granting motion *in limine* to preclude evidence of prior lawsuits); *Exime v. E.W. Ventures, Inc.*, No. 08-60099-CIV, 2009 WL 454278, *2 (S.D. Fla. Feb. 11, 2009)(Evidence of plaintiff's prior lawsuit is both irrelevant and unduly prejudicial).

Plaintiff requests that Defendant be precluded from referencing or introducing evidence of Plaintiff's prior lawsuits. Because this limitation is well-reasoned—as applied to both sides—Plaintiff is willing to be bound by the same limitation regarding Defendant's prior civil lawsuits.

## IV. Conclusion

Based on the foregoing, Plaintiff respectfully requests that the Court grant the above motions in limine and preclude Defendant from introducing or referencing any of the evidence described above to the jurors or prospective jurors in this case. No "justifications" offered by Defendant will overcome the unfair prejudicial effect to Plaintiff if the above referenced evidence is made known to the jury. This is the only way to insure a fair trial by an unbiased jury.

Respectfully submitted this 16th day of March, 2016.

/s/ Christopher McDaniel
Christopher B. McDaniel
Trial counsel for pro se Plaintiff
Georgia Bar No 101357
chris@butlerwooten.com
105 13th Street
Columbus, Ga. 31901
(706) 322-1990

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing **PLAINTIFF'S CONSOLIDATED MOTION IN LIMINE AND SUPPORTING AUTHORITIES** with the clerk of Court using the CM/ECF system, which will automatically send email notification to the following attorney of record for the Defendant:

>Wesley E. Childs
>Wchilds@chrkglaw.com
>Chambless, Higdon, Richardson, Katz, & Griggs
>P.O. Box 18086
>Macon, Ga 31209-8086

This 16th day of March, 2016

>/s/ Christopher McDaniel
>Christopher B. McDaniel
>Trial Counsel for pro se Plaintiff
>Georgia Bar No 101357
>chris@butlerwooten.com
>105 13th Street
>Columbus, Ga. 31901
>(706) 322-1990