## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

DAVID DWAYNE CASSADY,      :
                                :
                Plaintiff,       :
                                :      NO. 5:14-CV-0025-MTT-MSH
v.                                  :
                                :
STEVEN D. HALL,           :
                                :
                Defendant.     :
_____

## ORDER

On April 5, 2016, the Court entered judgment on behalf of Plaintiff David Dwayne Cassady against Defendant Steven D. Hall in the amount of $150,000.00 in compensatory damages and $50,000.00 in punitive damages after a jury returned a verdict in Plaintiff's favor.  J., Apr. 5, 2016, ECF No. 66.  On June 17, 2016, Plaintiff filed a motion for garnishment against Defendant naming the Department of Administrative Services, State of Georgia (Department) as garnishee (ECF No. 68).  Plaintiff contends that there is a General Liability Agreement in effect that gives Defendant a right of indemnification for suits and resulting judgments arising out of the performance of his official duties as a correctional officer employed by the Georgia Department of Corrections.   Pl.'s Mot. for Garnishment, ECF No. 68.  The Court ordered Plaintiff to perfect service over the garnishee on October 18, 2016.  Order 1, Oct. 18, 2016, ECF No. 71.  After being served, the Department filed a response asserting Eleventh Amendment immunity from suit, lack

of federal jurisdiction, and exclusion from coverage under the terms of the indemnity agreement for intentional acts (ECF No. 74).

The Georgia Constitution provides that the State's sovereign immunity can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is waived and the extent of the waiver.  Ga. Const. Art. I, Sec. II, Para. IX(e). For proceedings in garnishment actions, the General Assembly waived sovereign immunity only as to salaries for services performed for or on behalf of municipal corporations, counties, the state itself or its departments.  O.C.G.A. § 18-4-26.  Plaintiff does not seek to garnish Defendant's salary.  Rather, he seeks to garnish what he contends is Defendant's right to be indemnified by the Department based on the General Liability Agreement. The State of Georgia has not waived its immunity from suit under the Eleventh Amendment for Plaintiff's claims and his motion for garnishment must be denied.

Moreover, garnishments are authorized under 28 U.S.C. § 3205 against property in which a debtor has a substantial nonexempt property interest.  Plaintiff has failed to show that Defendant has a property interest subject to garnishment in the General Liability Agreement between the Department and the Georgia Department of Corrections.  The General Liability Agreement is an intergovernmental contract to which Defendant is not a party.  It is between governmental entities.  Ga. Const. 1983 Art. IX, Sec. III, Para.1. Therefore, it cannot be characterized as a property interest or right subject to garnishment by Plaintiff.

For the reasons set forth herein, Plaintiff's motion for garnishment is denied.

SO ORDERED, this 1st day of March, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE